Iza-Pullataxig v. Sessions

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of November, two thousand seventeen.

Present:     RALPH K. WINTER,
             GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                  *Circuit Judges*.

_____

JOSE IZA-PULLATAXIG,

                  *Petitioner*,

          v.                                            16-3989

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

                  *Respondent*.

_____

Appearing for Appellant:     Michael Borja, Jackson Heights, N.Y.

Appearing for Appellee:      Chad A. Readler, Acting Assistant Attorney General, United States Department of Justice, (Song Park, Senior Litigation Counsel; Timothy G. Hayes, Trial Attorney, Office of Immigration Litigation, *on the brief*) Washington, D.C.

1

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner Jose Iza-Pullataxig, a native and citizen of Ecuador, seeks review of an October 25, 2016, decision of the BIA affirming the September 17, 2015, decision of an Immigration Judge ("IJ") denying Iza-Pullataxig cancellation of removal. *In re Jose Iza-Pullataxig*, No. A087 641 118 (B.I.A. Oct. 25, 2016), aff'g No. A087 641 118 (Immig. Ct. N.Y. City Sept. 17, 2015**).** We assume the parties' familiarity with the underlying facts and procedural history in this case.

To demonstrate eligibility for cancellation from removal, a petitioner must show that he (1) has been physically present in the United States for a continuous period of at least ten years, (2) has been a person of good moral character during those years, (3) has not been convicted of certain offenses, and (4) demonstrates that his removal would result in "exceptional and extremely unusual hardship" to his U.S. citizen spouse, parent, or child. 8 U.S.C. § 1229b(b)(1). The agency concluded that Iza-Pullataxig satisfied the first three factors but failed to establish that his removal would cause his U.S. citizen son the requisite hardship. We have reviewed both the IJ's and BIA's decisions "for the sake of completeness . . . ." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

Our jurisdiction to review the agency's denial of cancellation of removal based on a petitioner's failure to satisfy the hardship requirement is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008). A question of law may arise when "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized . . . ." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). We review such claims de novo. *Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir. 2007).

Here, Iza-Pullataxig argues that the agency failed to consider certain of his U.S. citizen son's medical records and evidence that his son's standard of education and living would be diminished if he were to move to Ecuador. Specifically, Iza-Pullataxig submitted a psychological evaluation that opined that his son "is at a high risk of developing debilitating psychiatric disorders (i.e., Adjustment Disorder) among other psychiatric conditions, should he experience[] a separation from his father or else moving to Ecuador with his family." App'x at 33. The report also noted that "[s]uicide behavior is prominent among Adjustment Disorder (AD) patients of all ages and up to one fifth of adolescent suicide victims may have an Adjustment Disorder. Bronish and Hecht (1989) found that 70% of a series of patients with AD attempted suicide immediately before their index admission and they remitted faster than a comparison group with major depression." App'x at 33. The psychological evaluation concluded that "[d]epriving [the son] of a prominent education and medical services will cause devastating effects not only on his current emotional and cognitive development but also on the outcome of his adolescent and adult life." App'x at 33.

2

The IJ did not analyze the report in its decision. While it is true that "the agency does not commit an 'error of law' every time an item of evidence is not explicitly considered,"*Mendez*, 566 F.3d at 322, here the psychological evaluation is a key piece of evidence supporting Iza-Pullataxig's petition for cancellation of removal. When an IJ appears to overlook "some facts important to the subtle determination of 'exceptional and extremely unusual hardship," then "we conclude that an error of law has occurred." *Mendez*, 566 F.3d at 323. Nor are we "confident" as to what hardship determination the agency would reach on a full consideration of the facts. *Id*. The IJ, of course, could reach the same result, or analyze the psychological report and come to a different conclusion. *See, e.g.*, *In re Kao*, 23 I. & N. Dec. 45, 45 (BIA 2001) (finding that "[t]he respondents met the extreme hardship requirement for suspension of deportation where their oldest daughter, who is a 15-year-old United States citizen, has spent her entire life in the United States, has been completely integrated into the American lifestyle, and is not sufficiently fluent in the Chinese language to make an adequate transition to daily life in her parents' native country of Taiwan."). Remand allows the agency to provide "additional investigation or explanation." *Gonzales v. Thomas*, 547 U.S. 183, 186 (2006).

For the foregoing reasons, the petition for review is GRANTED, the order of the BIA is VACATED, and the case REMANDED to the BIA consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3